ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL ESPECIAL[1]

| | | |
|---|---|---|
| MUNICIPIO DE JUANA DÍAZ<br><br>Apelado<br><br><br>v.<br><br><br>HARRY H. VÁZQUEZ GUTIÉRREZ<br><br>Apelante | KLAN202500310 | *Apelación* procedente del Tribunal de Primera Instancia, Sala Superior de Juana Díaz<br><br><br>Caso Núm.: JD2024CV00338<br><br><br>Sobre: Acción Reivindicatoria |

Panel integrado por su presidente, el Juez Rodríguez Casillas, el Juez Marrero Guerrero, el Juez Campos Pérez y el Juez Sánchez Báez

Sánchez Báez, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 29 de agosto de 2025.

Compareció el Sr. Harry H. Vázquez Gutiérrez (en adelante, "señor Vázquez Gutiérrez" o "apelante") mediante recurso de *Apelación* presentado el 11 de abril de 2025. Nos solicitó la revocación de la *Sentencia* emitida por el Tribunal de Primera Instancia, Sala Superior de Juana Díaz (en adelante, "foro primario"), el 20 de diciembre de 2024 y notificada el 15 de enero de 2025. En ese dictamen, el foro primario dictó sentencia en rebeldía contra el señor Vázquez Gutiérrez y declaró *Con Lugar* la demanda de reivindicación.

Por los fundamentos que expondremos a continuación, se **revoca** la *Sentencia* apelada.

**-I-**

El 17 de junio de 2024, el Municipio de Juana Díaz presentó *Demanda*[2] sobre acción reivindicatoria contra el señor Vázquez

---

[1] Mediante la Orden Administrativa DJ 2024-062C emitida el 6 de mayo de 2025, se enmendó la constitución de los paneles del Tribunal de Apelaciones.
[2] Apéndice del Apelante, anejo X, págs. 54-56.

Número Identificador
SEN2025_____

Gutiérrez. De entrada, argumentó que desconoce la dirección y teléfono del señor Vázquez Gutiérrez. Añadió que es dueño de una propiedad inmueble localizada en la Calle I #3, sector Camboya de Juana Díaz, debido a que esta forma parte a una finca más grande perteneciente al Municipio de Juana Díaz. No obstante, planteó que el señor Vázquez Gutiérrez alegó ser el propietario del mencionado inmueble y se negó a devolver la posesión de la propiedad.

El 20 de junio de 2024, el foro primario emitió y notificó *Orden* en la cual determinó lo siguiente:

> Se ordena a la parte demandante informar (en 5 días) como [sic] diligenciara [sic] el emplazamiento personal del demandado si desconoce su direccion [sic]; porque no debe ser emplazamiento por edicto.[3]

Luego, el 27 de junio de 2024, el Municipio de Juana Díaz presentó *Moción para que se expida emplazamiento por edicto* en la cual expuso como sigue:

1. Como informamos previamente, esta parte desconoce la dirección física, postal y el teléfono del demandado Harry H. Vázquez Gutiérrez. La única información que tenemos es la de la casa objeto de este caso, la que está en total abandono y ruinas, sin servicios de agua y electricidad, y donde no vive nadie hace muchos años.

2. Ante esa situación, el emplazamiento por diligenciamiento personal es imposible por lo que solicitamos que el tribunal autorice el emplazamiento por edicto al amparo de la regla 4.6 de procedimiento Civil.

3. Junto con esta moción se incluye el proyecto de orden y de emplazamiento por edicto del demandado.

4. Solicito del Tribunal que expida el emplazamiento.[4]

Tras examinar la moción anterior, el 6 de julio de 2024, el foro primario emitió *Orden*, notificada el 10 de julio de 2024, mediante la cual declaró *Ha Lugar* la solicitud de emplazamiento por edicto y ordenó a la Secretaría a expedir el mismo.[5]

Posteriormente, el 1 de octubre de 2024, el Municipio de Juana Díaz presentó *Moción informativa y para que de por*

---

[3] *Íd.,* anejo IX, pág. 53.
[4] *Íd.,* anejo VIII, pág. 52.
[5] *Íd.,* anejo VII, págs. 48-51.

*emplazado al demandado.*[6] En la referida moción, el Municipio de Juana Díaz adjuntó evidencia de que notificó al señor Vázquez Gutiérrez sobre la demanda incoada en su contra y copia de la publicación del emplazamiento por edicto a la siguiente dirección: Urb. Marazul J-4 Hatillo, PR 00659.

El 3 de diciembre de 2024, el Municipio de Juana Díaz presentó *Moción de anotación de rebeldía*[7] en la cual informó venció el término para que el señor Vázquez Ramos compareciera y contesta la demanda. En vista de ello, solicitó que se le anotara la rebeldía.

Luego de evaluar la moción anterior, el 5 de diciembre de 2024, el foro primario emitió *Orden*, notificada el 6 de diciembre de 2024, mediante la cual le anotó la rebeldía al señor Vázquez Gutiérrez.[8]

Así las cosas, el 20 de diciembre de 2024, el foro primario emitió *Sentencia* en rebeldía, notificada el 15 de enero de 2025.[9] Mediante ese dictamen, declaró *Con lugar* la *Demanda* y le ordenó al señor Vázquez Gutiérrez entregar la posesión de la propiedad en cuestión. Ello, debido a que determinó como sigue:

> [...] surge claramente que el Municipio cumplió con todos los requisitos para que proceda la acción reivindicatoria presentada. El Municipio probó que es el dueño de la propiedad, probó que el demandado es quien tiene su posesión actualmente, probó que el demandado no posee un derecho que le autorice a mantener la posesión de la propiedad y que la estructura que allí ubica se encuentra en ruinas, y probó que la propiedad a ser reivindicada es la que está en posesión del demandado.[10]

Inconforme, el 3 de febrero de 2025, el señor Vázquez Gutiérrez —sin someterse a la jurisdicción del foro primario—

---

[6] Aunque dicha Moción no fue incluida en el expediente ante nuestra consideración, nos percatamos de ella y advinimos en conocimiento de su contenido mediante el Sistema Unificado de Manejo y Administración de Casos ("SUMAC"). Véase, SUMAC, entrada núm. 9.

[7] Aunque dicha Moción no fue incluida en el expediente ante nuestra consideración, nos percatamos de ella y advinimos en conocimiento de su contenido mediante SUMAC. Véase, SUMAC, entrada núm. 11.

[8] Apéndice del apelante, anejo VI, pág. 47.

[9] *Íd.,* anejos 4 y 5, págs. 42-46.

[10] *Íd.,* anejo V, pág. 45.

presentó *Moción asumiendo representación legal y solicitando reconsideración y desestimación por falta de parte indispensable.*[11] Allí arguyó que se le violó su debido proceso de ley, toda vez que no fue emplazado conforme a derecho aun cuando es una persona fácil de encontrar en la guía telefónica, Facebook y otras plataformas de internet. Además, alegó como sigue:

9. Que el demandado Harry Vázquez Gutiérrez es una persona minusválida y de edad avanzada por lo cual, la parte contraria debió haber hecho todos los esfuerzos por emplazarlo directamente a través de la persona que lo cuida, o sea su señora esposa. Este es sobreviviente de c[á]ncer y como consecuencia de ello es mudo y no puede comunicarse por vía de voz, teléfono u otros medios que requieran hablar.

10. El permitir el emplazamiento por edicto de una persona minusválida sin requerir los esfuerzos de una entidad gubernamental para quitarle su propiedad es patentemente un abuso a los derechos de dicha persona y requiere una pronta revisión de ello por este Honorable Tribunal.[12]

Por último, el señor Vázquez Gutiérrez sostuvo que la propiedad objeto del caso de epígrafe no es un estorbo público ni está en ruinas, sino que es una propiedad habitable y se encuentra en condiciones razonables.

En consecuencia, el 7 de febrero de 2025, el Municipio de Juana Díaz presentó su *Oposición a moción de reconsideración y de desestimación.*[13] Argumentó que, al momento de presentar la Demanda, desconocía la dirección residencial del señor Vázquez Gutiérrez y que su único conocimiento era la residencia objeto del presente caso, la cual estaba en estado de ruinas e inhabilitada. Por lo cual, alegó que el emplazamiento por edicto era el método más apropiado para notificarle al señor Vázquez Gutiérrez la causa de acción incoada en su contra. A su vez, añadió que hizo una búsqueda en SUMAC y encontró otro caso del señor Vázquez Gutiérrez en el que aparecía que su dirección física era Urb. Marazul

---

[11] *Íd.,* anejo III, págs. 34-41.
[12] *Íd.,* anejo III, pág. 35.
[13] *Íd.,* anejo II, págs. 4-33.

J-4, Hatillo, PR 00659. Explicó que, tomó esa información para enviar copia de la demanda y emplazamiento por edicto al señor Vázquez Gutiérrez.

Ante esto, el 7 de febrero de 2024, el foro primario emitió *Resolución Interlocutoria*, notificada el 10 de febrero de 2025, en la cual denegó la solicitud de reconsideración.[14] Determinó, además, que con la prueba ofrecida quedó claro lo siguiente:

> 1. En cuatro procesos judiciales separados, el demandado (allí demandante) alegó que en junio de 2012 les **vendió la propiedad** a otras personas por $25,000, y que estos quedaron a deberle $10,000. Mediante estos cuatro casos, el demandado intentó cobrar dicho dinero o que se le devuelva la propiedad.
>
> 2. En todos los casos, desde el 2019 hasta el 2023, el demandado **alega que la propiedad estaba abandonada y vacía**.
>
> 3. El primer caso fue **desestimado** por no emplazar a tiempo.
>
> 4. El segundo caso y el tercero fueron **desistidos**.
>
> 5. El cuarto está en proceso, por lo que **no existe sentencia** que acredite que la titularidad de la propiedad revirtió a él.
>
> 6. Cuando el demandado **desistió por segunda vez**, la controversia advino final y firme porque **este desistimiento es con perjuicio**, independientemente de que el Tribunal lo haya dictado sin perjuicio por desconocer del desistimiento anterior.
>
> [...]
>
> 7. Cualquier mejora que el demandado esté haciendo es de mala fe porque sabe que **la propiedad no le pertenece**, y porque la está haciendo luego de conocer de la demanda del Municipio.
>
> De otra parte, **no existe parte indispensable que deba ser incluida** en este caso. La esposa del demandado no es parte indispensable, porque la propiedad fue adquirida por el demandado antes de casarse; **su esposa no es titular**.[15]

Aun inconforme con lo anteriormente resuelto, el 11 de abril de 2025, el señor Vázquez Gutiérrez acudió ante este Tribunal mediante el recurso de epígrafe en el cual señaló los errores siguientes:

> Erró el Tribunal de Primera Instancia al autorizar el emplazamiento por edicto solicitado por el Municipio de Juana Díaz sin que mediara una declaración jurada que

---

[14] *Íd.,* anejo I, págs. 1-3.
[15] *Íd.,* anejo I, págs. 2 y 3.

detallara las diligencias especificas realizadas para emplazar personalmente al demandado, en incumplimiento de la Regla 4.6 de Procedimiento Civil.

Erró el Tribunal de Primera Instancia al adjudicar la acción de reivindicación sin incluir en el pleito a las personas que, conforme a la Escritura Pública Núm. 19 de 23 de junio de 2012, otorgada ante el Notario Félix A. Toro Jr., son los actuales titulares de la propiedad objeto del litigio.

Transcurrido el término dispuesto en la Regla 22 del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, págs. 36-37, 215 DPR __ (2025), para que el Municipio de Juana Díaz presentara su alegato en oposición al recurso de epígrafe, no compareció por lo que dimos por perfeccionado el recurso.

No obstante, el 11 de agosto de 2025, el Municipio de Juana Díaz presentó su alegato en oposición. Esto es, compareció luego de sesenta (60) días adicionales al término dispuesto en nuestro reglamento. En su alegato, el Municipio de Juana Díaz reiteró sus argumentos anteriores y arguyó por primera vez que, a pesar de que no presentó una declaración jurada a los efectos de constar su desconocimiento sobre la residencia del señor Vázquez Gutiérrez, su *Demanda* está firmada por el suscribiente conforme a la Regla 9 de Procedimiento Civil, 32 LPRA Ap. V, R.9.

Así pues, procedemos a exponer la normativa jurídica aplicable a la controversia ante nuestra consideración.

**-II-**

**A. Emplazamiento por edicto**

El emplazamiento es el vehículo procesal que se reconoce en nuestro ordenamiento jurídico para notificar a un demandado que existe una reclamación judicial en su contra. *Ross Valedón v. Hosp. Dr. Susoni et al.,* 213 DPR 481, 487 (2024); *Martajeva v. Ferré Morris y otros*, 210 DPR 612, 620 (2022); *SLG Rivera-Pérez v. SLG Díaz-Doe et al.,* 207 DPR 636, 647 (2021). Es decir, se trata del mecanismo que disponen las Reglas de Procedimiento Civil, 32 LPRA Ap. V, para

que el tribunal adquiera jurisdicción sobre la persona de la parte demandada. *Ross Valedón v. Hosp. Dr. Susoni et al.,* supra, págs. 487-488. Por tanto, no es hasta que la persona es debidamente emplazada que esta puede ser considerada parte del pleito. *Acosta v. ABC, Inc.,* 142 DPR 927, 931 (1997).

Las Reglas 4.3 y Regla 4.4 de Procedimiento Civil, 32 LPRA Ap. V, R. 4.3 y 4.4, regulan el proceso y formalidades del emplazamiento en los casos civiles. El precitado estatuto "provee para que, como norma general, se emplace a la persona demandada personalmente o, por vía de excepción, mediante edicto". *SLG Rivera-Pérez v. SLG Díaz-Doe et al.,* supra, pág. 648. Es decir, el método idóneo para adquirir la jurisdicción del demandado es mediante el emplazamiento personal, salvo por excepción y en circunstancias específicas, se permite emplazar por edicto. *Caribbean Orthopedics v. Medshape et al.,* 207 DPR 994, 1005 (2021).

Por un lado, la Regla 4.4 de Procedimiento Civil, 32 LPRA Ap. V, R. 4.4, esta dispone que:

> El emplazamiento y la demanda se diligenciarán conjuntamente. Al entregar la copia de la demanda y del emplazamiento, ya sea mediante su entrega física a la parte demandada o haciéndolas accesibles en su inmediata presencia, la persona que lo diligencie hará constar al dorso de la copia del emplazamiento sobre su firma, la fecha, el lugar, el modo de la entrega y el nombre de la persona a quien se hizo la entrega.

De otro lado, la Regla 4.6(a) de Procedimiento Civil, 32 LPRA Ap. V, R. 4.6(a), provee para que el tribunal autorice el emplazamiento por edicto en las siguientes circunstancias:

> **Cuando la persona a ser emplazada esté fuera de Puerto Rico, o que estando en Puerto Rico no pudo ser localizada después de realizadas las diligencias pertinentes**, o se oculte para no ser emplazada, o si es una corporación extranjera sin agente residente, **y así se compruebe a satisfacción del tribunal mediante declaración jurada que exprese dichas diligencias**, y aparezca también de dicha declaración, o de la demanda presentada, que existe una reclamación que justifica la concesión de algún remedio contra la persona que ha de ser emplazada, o que dicha persona es parte apropiada en el pleito, **el tribunal podrá**

**dictar una orden para disponer que el emplazamiento se haga por un edicto**. No se requerirá un diligenciamiento negativo como condición para dictar la orden que disponga que el emplazamiento se haga por edicto.

La orden dispondrá que la publicación se haga una sola vez en un periódico de circulación general de la Isla de Puerto Rico. La orden dispondrá, además, que dentro de los diez (10) días siguientes a la publicación del edicto se dirija a la parte demandada una copia del emplazamiento y de la demanda presentada, por correo certificado con acuse de recibo o cualquier otra forma de servicio de entrega de correspondencia con acuse de recibo, siempre y cuando dicha entidad no posea vínculo alguno con la parte demandante y no tenga interés en el pleito, **al lugar de su última dirección física o postal conocida, a no ser que se justifique mediante una declaración jurada que a pesar de los esfuerzos razonables realizados, dirigidos a encontrar una dirección física o postal de la parte demandada, con expresión de éstos, no ha sido posible localizar dirección alguna de la parte demandada, en cuyo caso el tribunal excusará el cumplimiento de esta disposición**. (Negrillas suplidas).

Conforme a la regla antes expuesta, nuestro Tribunal Supremo ha expresado que, para que proceda el emplazamiento por edicto, se requiere que el demandante acredite, mediante una declaración jurada, las diligencias realizadas para localizar y emplazar al demandado. *Sánchez Ruíz v. Higuera Pérez*, 203 DPR 982, 987-988 (2020). En otras palabras, la referida declaración jurada es parte integral del procedimiento para emplazar por edicto. *Reyes v. Oriental Fed. Savs. Bank*, 133 DPR 15, 25 (1993). Sin la presentación de la declaración jurada no puede darse el convencimiento ni la comprobación judicial requerida por la Regla 4.6 de Procedimiento Civil, *supra*. Véase, *Reyes v. Oriental Fed. Savs. Bank*, supra, pág. 25; *Pagán v. Rivera Burgos*, 113 DPR 750, 755 (1983).

Además, el Alto Foro aclaró que la declaración jurada debe contener hechos específicos y detallados, demostrativos de las diligencias efectuadas, más no meras generalidades o conclusiones. *Sánchez Ruíz v. Higuera Pérez*, supra, pág. 988; *Banco Popular v. SLG Negrón*, 164 DPR 855, 865 (2005). Esto es,

[n]o basta [...] exponer que se desconoce el paradero actual de los demandados pues la ley [...] exige que se hagan las diligencias correspondientes para que como resultado de

ellas quede satisfecho el juez de la existencia de hechos justificativos de la orden de citación por edicto.

*Mundo v. Fúster,* 87 DPR 363, 370-371 (1963) citando a *Danis v. Corte Municipal,* 57 DPR 830 (1940).

De manera que es requisito esencial que la declaración jurada contenga las diligencias efectuadas por el demandante para localizar al demandado y lograr su emplazamiento personal. *Global v. Salaam,* 164 DPR 474, 483 (2005). Así pues, el Tribunal de Primera Instancia es el responsable de evaluar si se han hecho las diligencias razonables y necesarias para obtener el paradero del demandado, antes de autorizar el emplazamiento alterno a la entrega personal. *Mundo v. Fúster,* 87 DPR 363, 372 (1963). No obstante, nuestro Tribunal Supremo especificó que "[l]a razonabilidad de las gestiones efectuadas [por el demandante] dependerá de las circunstancias particulares de cada caso, las cuales el juez corroborará a su satisfacción antes de autorizar el emplazamiento mediante un edicto". *Banco Popular v. SLG Negrón,* supra, pág. 865 citando a *Lanzó Llanos v. Banco de la Vivienda,* 133 DPR 507, 515 (1993).

En el contexto de emplazamiento por edicto, el Alto Foro expresó que la presentación de una declaración jurada insuficiente tiene el efecto de que el Tribunal de Primaria Instancia no adquiera jurisdicción sobre los demandados y que cualquiera sentencia dictada, en estas circunstancias, sea nula e ineficaz. *Mundo v. Fúster,* supra, pág. 373-374.

En alternativa, nuestro Tribunal Supremo a reconocido otras maneras para demostrar las diligencias efectuadas para emplazar personalmente a la parte demandada, a saber:

> [...] mediante la constancia jurada de la imposibilidad del diligenciamiento personal en el documento de emplazamiento y además jurando la demanda. La demanda ordinariamente no se jura, pero en caso de que haya que emplazar por edictos el demandante podría jurar su demanda a fines de demostrar al tribunal que tiene una buena y justa causa de acción para que ordene el emplazamiento por edictos. Al exponer que el demandado se encuentra fuera de Puerto Rico o que se oculta, es necesario explicar detalladamente de dónde surge el conocimiento del

demandante sobre los hechos y hay que expresar con exactitud todas las gestiones que se hayan realizado para localizar al demandado. Es decir, no se pueden alegar conclusiones; hay que presentar los hechos que llevan a esas conclusiones. (Escolios omitidos). R. Hernández Colón, *Derecho procesal civil*, 6ta ed., San Juan, Ed. Lexis Nexis, 2017, págs. 269–270.

*Sánchez Ruíz v. Higuera Pérez,* supra, pág. 989.

Discutido el derecho aplicable, este Tribunal se encuentra en posición para resolver las controversias señaladas en el recurso de epígrafe.

**-III-**

En el recurso de epígrafe, el apelante nos planteó dos señalamientos de error. En el primer error, alegó que el foro primario erró al adjudicar la causa de acción de reivindicación debido a que había un vicio jurisdiccional insalvable. Arguyó que el Municipio de Juana Díaz no presentó una declaración jurada junto a la solicitud de emplazamiento por edicto que detallara las diligencias específicas que realizó para emplazarlo personalmente. Por lo cual, argumentó que procede la revocación de la *Sentencia* apelada.

De otra parte, el apelado reiteró ante nos que, al momento de presentar la *Demanda,* su único conocimiento sobre la residencia del señor Vázquez Gutiérrez era la propiedad objeto del caso. Argumentó que, aunque no presentó una declaración jurada haciendo constar tal desconocimiento, la referida *Demanda* estaba firmada por el suscribiente conforme a la Regla 9 de Procedimiento Civil, *supra.* Explicó, además, que fue posteriormente que advino en conocimiento de otra dirección residencial del apelante a través de una búsqueda por SUMAC.

Ciertamente, surge del expediente que, el Municipio de Juana Díaz presentó una causa de acción contra el aquí apelante en la cual planteó que desconocía su dirección.[16] Ante ese escenario, el foro

---

[16] No obstante, aclaramos que la *Demanda* de epígrafe no esta jurada conforme a las exigencias de nuestro ordenamiento jurídico. Véase, *Sánchez Ruiz v. Higuera Pérez,* supra, pág. 989.

primario emitió una *Orden* en la cual le requirió al Municipio de Juana Díaz que "informar[a] [...] como [sic] diligenciara [sic] el emplazamiento personal del demandado si desconoce su direccion [sic]; porque no debe ser emplazado por edicto".[17] Nótese que, es entonces cuando el Municipio de Juana Díaz solicitó al foro primario que lo autorizara a emplazar por edicto al señor Vázquez Gutiérrez. Allí reiteró que desconocía la dirección del apelante y explicó que la "única información que tenemos es la casa objeto de este caso, la que está en total abandono y ruinas".[18] Sin embargo, luego de obtener la autorización para emplazar por edicto, el Municipio de Juana Díaz le informó al foro primario que le notificó —tanto la demanda como la publicación del emplazamiento por edicto— a través de una dirección física que encontró por SUMAC del señor Vázquez Gutiérrez. Es decir, la dirección residencial del señor Vázquez Gutiérrez estaba disponible y pudo haber sido identificada con una mera búsqueda en SUMAC.

Evidentemente, el Municipio de Juana Díaz incumplió crasamente con varios aspectos requeridos por nuestro ordenamiento jurídico.

Primero, el Municipio de Juana Díaz no adjuntó en su *Demanda* la solicitud de emplazamiento personal contra el aquí apelante. Recordemos que, como norma general, el método idóneo para adquirir jurisdicción sobre un demandado es a través del emplazamiento personal, el cual debe ser diligenciado en conjunto con la demanda. 32 LPRA Ap. V, R. 4.4. Esa obligación de emplazar personalmente puede ser omitida, en la medida que se justifique mediante una declaración jurada que a pesar de los esfuerzos razonables realizados ha sido imposible localizar al demandado. Además, otra manera de demostrar las diligencias efectuadas para

---

[17] Apéndice del apelante, anejo IX, pág. 53.
[18] *Íd.,* anejo VIII, pág. 52.

emplazar personalmente es jurar la demanda con el propósito de demostrarle al tribunal justa causa para que ordene el emplazamiento por edicto. Sin embargo, en este caso, el Municipio de Juana Díaz se cruzó de brazos y simplemente no hizo esfuerzo alguno por localizar a los demandados. Tampoco presentó una demanda jurada conforme a derecho. Por lo cual, sostenemos que, una certificación en conformidad con la Regla 9 de Procedimiento Civil, *supra,* no sustituye el juramento de la parte exigido por nuestro ordenamiento. *Sánchez Ruiz v. Higuera Pérez,* supra. Así pues, de entrada, determinados que el Municipio de Juana Díaz incumplió con su obligación de diligenciar el emplazamiento y la demanda conjuntamente de conformidad con la Regla 4.4 de Procedimiento Civil, *supra.*

Segundo, al solicitar el emplazamiento por edicto, el Municipio de Juana Díaz no presentó una declaración jurada en la que hiciera constatar todas las diligencias que realizó para localizar al apelante e intentar emplazarlo personalmente. En nuestra jurisdicción, es hartamente conocido que solo se puede emplazar por edicto a manera de excepción. 32 LPRA Ap. V, R. 4.6. Específicamente la Regla 4.6 de Procedimiento Civil, *supra,* requiere que se haga constar mediante una declaración jurada los hechos específicos que demuestren las gestiones efectivas para tratar de ubicar al demandado y que las mismas resultaron infructuosas. Además, en estos escenarios, es un requisito esencial que el foro primario evalúe y corrobore si, en efecto, se han realizado las diligencias razonables para localizar al demandado, antes de autorizar un emplazamiento por edicto. Esta obligación recae inicialmente en la parte demandante y, eventualmente, en el foro primario, quien debe verificar las gestiones y hacer una determinación sobre la suficiencia de esos esfuerzos.

En el caso de epígrafe, no surge del expediente que el Municipio de Juana Díaz haya acreditado las diligencias que hizo para localizar al apelante **antes** de solicitar la autorización para emplazar por edicto. En otras palabras, no constan en el expediente los esfuerzos razonables realizados por el Municipio de Juana Díaz dirigidos a encontrar alguna dirección física o postal del señor Vázquez Gutiérrez para emplazarlo personalmente. Nótese que, lo único que consta en el expediente es una mera alegación del Municipio de Juana Díaz a los efectos de que desconocía la dirección del apelante. Por lo tanto, en este caso, es meridanamente claro que el foro primario no tuvo ante sí una declaración jurada que demostrara la imposibilidad de notificar personalmente la causa de acción al señor Vázquez Gutiérrez, previo a expedir el emplazamiento por edicto.

No obstante, surge del expediente que el Municipio de Juana Díaz advino en conocimiento de una dirección física del señor Vázquez Gutiérrez a través de SUMAC, a la cual envió copia de la publicación del emplazamiento por edicto. Es decir, el propio Municipio de Juana Díaz le informó al foro primario las gestiones efectivas que realizó para enviar la copia del emplazamiento por edicto y la demanda al señor Vázquez Gutiérrez. Ante estos hechos, no vemos justificación alguna para que el Municipio de Juana Díaz no haya implementado previamente esas mismas diligencias para notificar el emplazamiento personal que requiere las Reglas de Procedimiento Civil, *supra.*

Nos parece preciso resaltar que, en nuestro ordenamiento jurídico, la política pública de dar cumplimiento estricto a los requerimientos del emplazamiento tiene el propósito de evitar el fraude y que los procedimientos judiciales se utilicen para privar a una persona de su propiedad sin el debido proceso de ley. *Rivera Marrero v. Santiago Martínez,* 203 DPR 462, 480 (2019).

KLAN202500310                                                   14

En consideración a todo lo anterior, concluimos que el foro primario erró al autorizar el emplazamiento por edicto sobre el apelante sin tan siquiera tener ante sí una declaración jurada que comprobara las gestiones hechas por el Municipio de Juana Díaz. Así pues, el foro primario se apartó injustificadamente de su deber ministerial, lo cual trasciende de un mero error judicial y se traduce en un incumplimiento de la obligación de adjudicar conforme a derecho. Por consiguiente, procede revocar la *Sentencia* apelada y desestimar sin perjuicio la *Demanda* de epígrafe.

Siendo así, resulta inmeritorio atender el segundo señalamiento de error del apelante.

**-IV-**

Por los fundamentos previamente expuestos, **se revoca** la S*entencia* apelada. Consecuentemente, **se desestima** la *Demanda* de epígrafe presentada por el Municipio de Juana Díaz, sin perjuicio.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda.  Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones